JAMES M. CARTER, plaintiff in error, vs. SINGLETON G. HOW-
ELL, defendant in error.

A party is not entitled to an appeal from the verdict of a jury, under the Act
of 1827, which gives landlords a summary remedy for the recovery of the
possession of land held over by a tenant, after the expiration of his lease, or
the time for which the land was rented to him.

Proceedings to remove tenant, whose lease had expired, in
Fulton Superior Court.   Decision by Judge BULL, at April
Term, 1858.

This was a summary proceeding by Howell, the landlord,
to remove Carter, the tenant, from premises rented by him,
after the expiration of his lease, under the Act of 24th De-
cember, 1827.

The tenant having made oath as prescribed by the 2d sec-
tion of said Act, the proceedings were returned to the Supe-
rior Court of Fulton county, to try the fact at issue between
the parties.   The case was submitted to a petit jury, who
found for the landlord, (Howell,) that the lease had expired.
Carter immediately entered an appeal from the verdict, giv-
ing bond and security, as required by law in cases of appeal,
Afterwards, at a subsequent day in the same Term, counsel
for Howell moved to dismiss the appeal, and for a writ of
possession to issue, requiring the Sheriff to put him in pos-
session of the premises.   This motion was made upon the
ground that an appeal did not lie in such cases, from the
verdict of the petit jury.

The Court sustained the motion, and dismissed the appeal,
and ordered the writ of possession to issue, and counsel for
Carter excepted.

GLENN & COOPER, for plaintiff in error.

OVERBY & BLECKLY, *contra.*

Barksdale et al. vs. Bunkley, Harvey et al.

*By the Court.*—McDonald J. delivering the opinion.

This was a proceeding by a landlord, under the Act of 1827, *(Cobb's New Dig.* 901,*)* to recover from his tenant, land which had been rented to him, and which he refused to surrender after the expiration of the lease, or time for which it had been rented. No record is sent up, and we must determine the cause by the bill of exceptions. It is to be presumed that all proceedings under the act preliminary to the formation of an issue to try the question whether the lease had expired, or whether the tenant held under the plaintiff, were had and were regular. The jury found the issue in favor of the plaintiff, and from this finding the tenant appealed, and the Court below dismissed the appeal at the same Term of the Court, and ordered a writ of possession to be issued, on the ground that no appeal lay in the case.

The statute gives no right of appeal, and the appeal was, therefore, void, and could not carry the cause over to the next Term of the Court.

The appeal being void, it follows that it did not stand in the way of the judgment of the Court ordering the writ of possession to issue.

Judgment affirmed.